NEW YORK DOCK COMPANY, Plaintiff, *v.* NEW YORK AND CUBA MAIL STEAMSHIP COMPANY, Defendant.

Supreme Court, New York County, June 2, 1931.

*Davies, Auerbach & Cornell* [*Alexander J. Feild* of counsel], for the plaintiff.

*Burlingham, Veeder, Feary, Clark & Hupper* [*Eugene Underwood* and *Julius S. Christensen* of counsel], for the defendant.

VALENTE, J. This is an action upon an agreed statement of facts arising out of a claim of plaintiff for reimbursement of moneys paid in the repair of a dock damaged by the collision of defendant's vessel with it. The defense disclaims liability on the ground that at the time of the injury to the dock the vessel causing the damage was under control of a licensed pilot employed under section 2120 of the New York City Consolidation Act (Laws of 1882, chap. 410). This statute has been held to provide for compulsory pilotage, and in an action at common law a shipowner has been held not to be liable for injuries inflicted exclusively by the negligence of a pilot so employed on his vessel. (*Ramsdell Transp. Co.* v. *La Compagnie Generale Transatlantique,* 182 U. S. 406; *The Hathor,* [D. C.] 167 Fed. 194.) Plaintiff argues that the Compulsory Pilotage Act is unconstitutional. It may be that this feature was not called to the attention of the United States Supreme Court in the *Ramsdell* case, but I cannot assume this to be the fact, and presume to pass upon this feature of a law the interpretation of which seems to have been fully considered by the highest court of the land.

Plaintiff also raises the point that to disallow recovery against the owner is to deny due process of law. I fail to see how refusal to extend the doctrine of *respondeat superior* to a case of negligence of one who is not an employee of the owner is a denial of due process. To hold the contrary would seem to have this effect. If the pilot was negligent, the plaintiff may have recourse against him or possibly against his employer in an appropriate action (*The Thielbek,* [C. C. A.] 241 Fed. 209), but the defendant, while responsible for his compensation, was not the pilot's employer at the time of the accident, and not shown to have interfered with the maneuvers of the vessel at the time.

While I appreciate the importance of the principle of the case and the plaintiff's very able argument, I must nevertheless render judgment sustaining the defense and dismissing the complaint against the defendant. Under the stipulation of the parties, I, therefore, direct the clerk to enter judgment accordingly, with costs to be taxed.